# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21CR232 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | **MOTION TO** |
| | ) | **CONTINUE TRIAL DATE** |
| HARRY GANT, | ) | |
| | ) | |
| Defendant. | ) | |

**NOW COMES** the Defendant, Harry Gant, by and through counsel, and moves this Honorable Court for an Order continuing the trial date beyond the statutory limit as well as continuing all of the pre-trial dates and dates for motion practice accordingly. Currently, trial in this matter is set to begin on July 6, 2021. A Brief in Support of this Motion is attached. Government counsel in this case is Megan R. Miller, who may be reached at (216) 622-3855, respectively. The government has indicated that they have no objection to this motion.

Respectfully submitted,

*/s/ J. Scott Broome*
J. Scott Broome (0042164)
J. SCOTT BROOME & ASSOCIATES CO.
1501 Chagrin River Road
Gates Mills, Ohio 44040
Phone: (440) 448-5142
Facsimile: (440) 423-1798
sbroome@broomelpa.com
ATTORNEYS FOR DEFENDANT

**BRIEF**

Defendant, Harry Gant was charged in this case in the Indictment that was filed on April 13, 2021. The Indictment charges four counts of aiding and assisting in the filing of false income tax returns in violation of 26 U.S.C. § 7206(2) for the years 2014, 2015, 2016 and 2017.

The parties have had no pre-indictment discussions at all. In fact, government agents first contacted Mr. Gant on April 8, 2021. Counsel left a telephone message for the agents that day, but Mr. Gant was indicted before the agent returned the call. Accordingly, the Defendant knows nothing of the specifics of the government's case, or what a defense to those charges will entail. Evaluation of the case would include the need for and selection of expert witnesses, motions that may be required, or possible resolutions, etc. Tax cases usually involve significant documentation and also often require determinations about and acquisition of significant additional documentation with which to defend and/or evaluate the case. Defendant has no reason to believe this case will be different in that regard.

The additional time which the granting of this Motion would allow the proper work to be done pre-trial on this complicated matter for the preparation of an adequate defense and to allow all necessary pre-trial issues to be decided without inconveniencing the Court and the jury during trial.

Defendant understands that he is entitled to commencement of a trial within seventy (70) days after her arraignment pursuant to 18 U.S.C. § 3161(c)(1). However, in this case the Defendant specifically requests the Court to continue his trial date beyond the time specified in 18 U.S.C. § 3161(c)(1) and to extend motion dates accordingly. Such a continuance is specifically contemplated by the statute as the Act excludes certain periods of time, including:

> "a delay resulting from a continuance granted by any Judge on his Motion or at the request of the Defendant or his counsel…if the Judge grants such Continuance on the basis on his findings that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant ends speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The statute also recognizes that when "the case is so unusual or so complex, due to the number of Defendants, the nature of the prosecution, or the existence of novel questions of act or law, that is unreasonable to expect adequate preparation for a pre-trial proceeding or for the trial itself with the time limits established by this Section." 18 U.S.C. § 3161(h)(8)(B)(ii). The issues in the instant case are complex because the indictment covers occurring over a seven-year and possibly longer period, which was subject to investigation for years and will require extensive expert witness testimony.

For these reasons, Defendant respectfully requests that this Court grant a continuance of the trial date beyond the seventy (70) day limitation set forth in the aforementioned statute in order to ensure the carriage of justice and provide for adequate time to continue negotiations, conduct adequate motions practice and/or prepare this complicated case for trial. The ends of justice would best be served by the granting of this Motion and outweigh the best interest of the public and the defendant in a speedy trial.

WHEREFORE it is prayed that this motion be granted.

Respectfully submitted,

*/s/ J. Scott Broome*
J. Scott Broome (0042164)
J. SCOTT BROOME & ASSOCIATES CO.
1501 Chagrin River Road
Gates Mills, Ohio 44040
Phone: (440) 448-5142
Facsimile: (440) 423-1798
sbroome@broomelpa.com
ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Motion to Continue Trial will be served via the Court's Electronic filing system upon the persons listed therein.

/s/ J. Scott Broome<br>
J. Scott Broome